IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MICHAEL SCOTT,

                          OPINION AND ORDER

          Plaintiff,

                          19-cv-283-bbc

    v.

CO A. DEGROOT, CO ARNY, CO GOMM,
CO DETRIECH, CO FRUBROADT
AND SGT. WEYCKER,

         Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Pro se plaintiff Michael Scott is incarcerated at the Green Bay Correctional Institution. He filed this proposed civil action under 42 U.S.C. § 1983, contending that prison staff have violated his constitutional rights in a number of ways. He has requested leave to proceed without prepayment of the filing fee, but as he acknowledges in his complaint, he has "struck out" under 28 U.S.C. § 1915(g). Under § 1915(g), a prisoner is not allowed to bring a civil action in federal court without first paying the fee, if three or more of his civil actions or appeals have been dismissed as frivolous, malicious or for failure to state a claim upon which relief may be granted. The sole exception to the three-strikes rule is if the plaintiff's pleadings show that he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

      Court records confirm that plaintiff has filed at least three previous civil actions while imprisoned that were dismissed as frivolous or for failure to state a claim. <u>Scott v. Aurora</u>

1

Sinai, 09-C-745 (E.D. Wis. Sept. 23, 2009); Scott v. McCabe, 10-cv-138- bbc (W.D. Wis. Apr. 26, 2010); Scott v. Columbia Correctional Institution, 11-cv-384-bbc (W.D. Wis. July 7, 2011). Consequently, plaintiff may not proceed with this action without prepaying the fees unless he shows that he is in imminent danger of serious physical injury. After reviewing plaintiff's complaint, I conclude that he may not proceed without prepayment of the filing fee because his complaint does not allege that he is in imminent danger. Therefore, I am dismissing his complaint without prejudice. If plaintiff pays the $400 filing fee, I will reopen the case and screen it under 28 U.S.C. § 1915A.

OPINION

Plaintiff acknowledges in his complaint that he must plead facts supporting a finding of imminent danger of serious physical injury. Nonetheless, he has failed to do so. Plaintiff's allegations are difficult to follow. I understand him to be alleging that in March 2019, defendants Sergeant Weycker, CO Arny and CO Detriech delivered his meal tray to him by pushed the tray through the trap onto the floor. Defendants CO Gomm and CO Frubroadt then came to plaintiff's cell and told him he could have a bagged meal if he gave the tray back. Plaintiff refused, asking to speak to a "white shirt" about the incident and about his tooth pain. (Plaintiff is proceeding on claims regarding his tooth pain and dental needs in 18-cv-68-bbc.) Defendants refused to call a supervisor, and plaintiff filed an inmate complaint about the incident. Defendant DeGroot, an inmate complaint examiner, rejected plaintiff's complaint multiple times on the ground that plaintiff was complaining about more

2

than one issue, in violation of Department of Corrections regulations.

Plaintiff's allegations do not support an inference that plaintiff faces imminent danger of serious physical injury sufficient to invoke the exception provided in § 1915(g). Although plaintiff mentions his tooth problems, he is proceeding on claims relating to his tooth in another lawsuit already. The gist of his new complaint seems to be about prison staff pushing food onto the floor of his cell, refusing to call a supervisor and then refusing to process his inmate complaints. These allegations concern events that have already occurred and do not support a finding of imminent danger, as none of his allegations suggests that plaintiff is facing a "genuine emergency" or a "real and proximate" threat of serious harm. <u>Heimermann v. Litscher</u>, 337 F.3d 781, 782 (7th Cir. 2003). Therefore, plaintiff's complaint does not meet the exception under § 1915(g).

Because plaintiff has not identified a genuine emergency, he may not proceed without prepayment of the filing fee. I will dismiss this case without prejudice. If plaintiff pays the $400 filing fee, he may move to reopen the case.

ORDER

IT IS ORDERED that

1. Plaintiff Michael Scott is DENIED leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(g).

2. This case is DISMISSED without prejudice, subject to being reopened if plaintiff

submits the $400 filing fee by July 23, 2019.

    Entered this 2d day of July, 2019.

                                      BY THE COURT:

                                      /s/
                                      _____
                                      BARBARA B. CRABB
                                      District Judge